### Wilhelmina Hansen, Appellee, v. Fletcher L. Crocker et al., Appellants.

### Gen. No. 5442.

1. MALPRACTICE—*when verdict excessive.* Held, under the evidence, in such case that a verdict for $6,000 although it was reduced by *remittitur* to $4,000, for which amount judgment was rendered, was so excessive as to call for a reversal of the judgment.

2. APPEALS AND ERRORS—*when exception must be preserved.* Rulings upon evidence are not subject to review in the absence of exceptions having been preserved thereto.

3. INSTRUCTIONS—*when erroneous in assuming liability.* If there are two defendants to an action, one of whom may under the evidence be found guilty and the other not guilty, it is error to give intructions which assume that if one defendant is liable, both are liable.

Action in case. Appeal from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed March 16, 1911. Rehearing denied April 21, 1911.

GRAVES & GIBBONS and WHITE & TUESBURG, for appellant, Fletcher L. Crocker.

A. C. NORTON and F. A. ORTMAN, for appellant, Channing W. Barrett.

R. S. McILDUFF and R. B. THOMPSON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case brought by Wilhelmina Hansen against Fletcher L. Crocker and Channing W. Barrett to recover damages for malpractice as physicians and surgeons. A verdict was returned in favor of plaintiff for $6,000; the court required the plaintiff to remit $2,000 and judgment was rendered in favor of plaintiff for $4,000. The defendants appeal.

The evidence shows that on July 15, 1908, appellee, then about forty-eight years of age, called at the office of Dr. Crocker, in the city of Pontiac, for treatment for a difficulty from which she had suffered and for which she had for several years been treated by other physicians, but her malady had been getting worse and she had been told a surgical operation was necessary. Dr. Crocker examined appellee and found her anemic, run down in health, unable to work and suffering from complicated uterine troubles:—her uterus being enlarged and ulcerated, emitting a foul discharge and protruding so that she could only walk with difficulty,—and the bladder and rectum were involved. Dr. Crocker told her that an operation was necessary, but that he did not do that kind of operations and suggested that Dr. Barrett of Chicago would perform the operation. On July 20th, Dr. Barrett operated on the appellee in a hospital at Pontiac, removed the diseased uterus, fastened the bladder in its proper position from which it had fallen, closed up the wound with a deep suture and surface stitching, and placed in the wound for drainage a narrow strip of iodoform gauze eighteen inches long which was subsequently

removed by Dr. Crocker. Within a week thereafter an abscess formed, in the neighborhood of the wound between the vagina and the rectum, which was lanced by Dr. Crocker. Three days later Dr. Barrett again opened the abscess and put some gauze in it, which it was claimed was afterwards removed by Dr. Crocker. The abscess continued to suppurate and four weeks after the first operation appellee was removed to her home. Appellants continued to visit appellee at her home until October 6th when the abscess having failed to heal, appellants concluded there was some foreign matter in it and advised an exploratory search with an instrument. This appellee refused to submit to. On October 3rd appellee had, without the knowledge of appellants, called in Dr. Ross who examined her and found pus coming from the abscess. A few days later Dr. Ross performed an operation such as appellants claim they desired to do, with a grooved director, enlarging the fistulous opening of the abscess so that it could be examined with the finger. Dr. Ross inserted his finger and discovering a foreign substance took from the body of appellee through the mouth of the abscess two pieces of surgical gauze; one was about six or seven inches square when unfolded, the other about one and a quarter inches square by a quarter of an inch thick. Soon thereafter the abscess healed and appellee began to get well; she gained in weight and strength, and was able to attend church by the middle of November. Appellee's cause of action is based on the theory that these pieces of gauze, removed from her by Dr. Ross through the abscess, were negligently and carelessly by some oversight left in her body by appellants at the time of the operation for the removal of the uterus, while appellants contend they got there through the outlet of the abscess in some way. The evidence shows that appellee since the operation made a trip to Sweden alone, is in reasonable health, has gained much in weight, but complains of some tenderness in the locality of the operation.

For the purposes of this opinion it will be assumed

that there is evidence from which the jury could find that the gauze was left in the body of appellee by the surgeons or one of them. There is however no evidence justifying punitive damages. It is true that appellee suffered more or less pain from the abscess and the operations attending it, for three months, but there is nothing showing permanent injury to appellee. The evidence does show that from a very short period after the removal of the gauze by Dr. Ross her bodily health has been much better than it was for a long time prior to the surgical operation performed by appellants or one of them. The verdict of $6,000 from which appellee remitted $2,000 was excessive and very much larger than a reasonable compensation for any damages sustained by her and shows that the jury were actuated by passion or prejudice. Appellee may not be as strong and vigorous as she was before she was afflicted with this disease of the uterus, but the depletion of her vital power by her disease can neither be attributed to, nor recovered for from these physicians.

Appellants have presented for our consideration a ruling of the court on the admissibility of certain evidence; the propriety of an instruction given by the court as to the form of the verdict and the modification of certain instructions requested by appellants. The record contains no exceptions to the action of the court upon any of these questions, hence the questions are not saved for review.

Some of the instructions given for appellee, however, rather assume that if one defendant is liable the other is. Even if one of the defendants is guilty of negligence still it may be a serious question whether both are liable. The court should not in the form of the verdict given on its own motion have directed the jury, "If you find in favor of plaintiff then for verdict say: We the jury find the defendants guilty, and assess plaintiff's damages at ―― Dollars." Adams v. Jurich, *post*, p. 522.

The jury should not have been instructed that they might find one guilty and the other not, and have been given a form suitable for such finding.

The judgment is reversed because it is excessive and cannot be sustained for such a large amount on the evidence, and the cause is remanded for a new trial.

*Reversed and remanded.*